

1  TARA K. MCGRATH
   United States Attorney
2  EVANGELINE A. DECH
   California Bar No. 326832
3  Assistant U.S. Attorney
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, CA 92101-8893
5  (619) 546-9744
6  evangeline.dech@usdoj.gov

7  Attorneys for the United States of America

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,        Case No. <u>24-cr-1710-AGS</u>

12              Plaintiff,

13        v.                         <u>PLEA AGREEMENT</u>

14  JOHN MATTHEW RUFFONI aka
    @SDJeffy,
15
                Defendant.
16      IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF

17  AMERICA, through its counsel, Tara K. McGrath, United States Attorney,

18  and Evangeline A. Dech, Assistant United States Attorneys, and

19  defendant, JOHN MATTHEW RUFFONI aka @SDJeffy, with the advice and

20  consent of Vikas Bajaj, counsel for defendant, as follows:

21                          I

22                       **THE PLEA**

23      A.  <u>The Plea</u>

24      Defendant agrees to plead guilty to a single-count Superseding

25  Information, which charges defendant with possession of images of minors

26  engaged in sexually explicit conduct in violation of 18 U.S.C.

27  § 2252(a)(4)(B).

28

Plea Agreement                              Def. Initials 

1    In exchange, the Government agrees to (1) not prosecute defendant
2 with an offense under Title 18 that carries a mandatory minimum sentence
3 for the conduct described herein nor on additional charges which may
4 carry higher custodial penalties and (2) not to seek any other upward
5 adjustments or departures except as provided for in this agreement
6 unless defendant breaches the plea agreement or the guilty plea entered
7 pursuant to this plea agreement is set aside for any reason. Defendant
8 expressly waives all constitutional and statutory defenses to the
9 reinstatement of any charges dismissed pursuant to this agreement.

10    B.    Sentencing Hearing

11    Defendant and his counsel of record agree to go forward on the
12 date and time set for the sentencing hearing and agree not to seek a
13 continuance of the sentencing hearing, unless the United States
14 expressly agrees to a continuance.

15    C.    Forfeiture of Property Used in the Commission of the Offense

16    Defendant consents to the forfeiture allegations of the
17 Superseding Information, consents to the forfeiture of all properties
18 seized in connection with this case, and agrees that the provisions of
19 the attached forfeiture addendum shall govern forfeiture in this case.

20                                    II

21                        **NATURE OF THE OFFENSE**

22    A.    ELEMENTS EXPLAINED

23    Defendant understands that the offense to which defendant is
24 pleading guilty has the following elements:

25    1.    The defendant knowingly possessed matters which defendant
26 knew contained visual depictions of minors engaged in sexually explicit
27 conduct;

28

Plea Agreement                          2                    Def. Initials

2.    The defendant knew the visual depictions contained in the matters showed minors engaged in sexually explicit conduct;

3.    The defendant knew that production of such visual depictions involved use of prepubescent minors engaging in sexually explicit conduct; and

4.    The visual depictions had been mailed, shipped, or transported using a means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including by computer and which were produced using materials that had been shipped and transported in interstate and foreign commerce.

B.    <u>ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS</u>

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1.    From a date unknown through on or about July 29, 2024, within the Southern District of California, Defendant knowingly possessed matters which contained visual depictions of minors engaged in sexually explicit conduct. Specifically, Defendant possessed matters that contained visual depictions of minors engaged in sexually explicit conduct, including one Black Apple iPhone, one Silver HP Laptop, and one Silver Apple iPad Pro.

2.    Among the files identified on the media were for example:

A. A video depicting a nude prepubescent female sitting on a sofa with her legs spread apart showing her pubic area. An adult male then comes into the picture and inserts his penis into the child's vagina and anus;

Def. Initials

1     B. An image depicting an adult male's penis being inserted into

2     the anus of a nude prepubescent female whose genitals are clearly

3     shown; and

4     C. An image depicting an adult male inserting his penis into the

5     mouth of a prepubescent female.

6     3. Production of such visual depictions involved the use of minors

7 engaging in sexually explicit conduct.

8     4.    Such visual depictions were of minors, including prepubescent

9 minors or minors who had not attained 12 years of age, engaged in

10 sexually explicit conduct.

11     5.    Defendant knew such visual depictions were of sexually

12 explicit conduct.

13     6.    Defendant knew that at least one of the persons engaged in

14 sexually explicit conduct in such visual depiction was a prepubescent

15 minor.

16     7.    Defendant admits for purposes of sentencing that the offense

17 involved approximately 670 images of child pornography.

18     8.    Defendant agrees that the media found in his possession were

19 not manufactured in the State of California and were therefore shipped

20 and transported in interstate and foreign commerce.    Additionally,

21 Defendant agrees that he used the Internet to obtain the images and

22 videos he received.

23     9.    For the purposes of the sentencing guidelines, Defendant

24 admits that the United States could prove the following facts beyond a

25 reasonable doubt and this uncharged conduct can be considered in

26 sentencing:

27

28

Plea Agreement              4              Def. Initials _____

a.   On  July  11,  2024,  within  the  Southern  District  of
California, Defendant, under the chat name SDJeffy, began chatting
with   an   undercover   employee   with   the   Homeland   Security
Investigations (HSI UCE) in a chat room for San Diego teenagers on
a social media application, Kik. Defendant is the administrator of
this chat room.

b.   The HSI UCE told Defendant she was a 12-year-old female.

c.   Between  July  11,  2024  and  July  27,  2024,  defendant
exchanged several messages with the HSI UCE on Kik.

d. Among these messages, Defendant asked the HSI UCE about
her sexual experiences, instructed her on how to masturbate, sent
pictures  of  his  penis,  and  requested  the  HSI  UCE  produce  child
pornography images and send them to him.

e.   A review of Defendant's devices revealed he was engaged
in  95  chat  conversations  with  individuals  who  reported  to  be
children  or  individuals  looking  to  exchange  child  pornography,
including the chat conversations identified above.

### III

### PENALTIES

Defendant understands that the crime to which defendant is pleading
guilty carries the following penalties:

A.   a maximum of 20 years in prison;

B.   a maximum $250,000.00 fine;

C.   a mandatory special assessment of $100; an additional $5,000
mandatory  special  assessment  pursuant  to  18  U.S.C.  § 3014,  unless  the
Court  finds  defendant  to  be  indigent;  and  an  additional  $17,000

Def. Initials 

mandatory special assessment pursuant to 18 U.S.C. § 2259A, unless the Court finds defendant to be indigent;

D.    a term of supervised release of at least 5 years and up to life.  Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release;

E.    mandatory restitution under 18 U.S.C. §2259;

F.    registration as a sex offender under the Sex Offender Registration and Notification Act.**

**Defendant further understands, acknowledges and agrees to the following concerning his sex offender registration: I am required to register and keep my registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student.  I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information.  I further understand that the requirement to keep the registration current including informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status.  I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by fine or imprisonment, or both.

Plea Agreement

6

Def. Initials

G.    Forfeiture of all visual depictions, all property real and personal, constituting or traceable to gross profits or proceeds of the offense, and all property used or intended to be used to commit or to promote the commission of the offense; and

H.    Defendant further understands that by pleading guilty defendant may become ineligible for certain federal benefits.

## IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS

Defendant understands that this guilty plea waives the right to:

A.    Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.    A speedy and public trial by jury;

C.    The assistance of counsel at all stages of trial;

D.    Confront and cross-examine adverse witnesses;

E.    Testify and present evidence and to have witnesses testify on behalf of defendant; and,

F.    Not testify or have any adverse inferences drawn from the failure to testify.

G.    Defendant knowingly and voluntarily waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding.

## V

### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

The Government represents that any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will

1  continue to provide such information establishing the factual innocence
2  of defendant.

3      Defendant understands that if this case proceeded to trial, the
4  Government would be required to provide impeachment information
5  relating to any informants or other witnesses. In addition, if defendant
6  raised an affirmative defense, the Government would be required to
7  provide information in its possession that supports such a defense.
8  Defendant acknowledges, however, that by pleading guilty defendant will
9  not be provided this information, if any, and defendant also waives the
10  right to this information. Finally, defendant agrees not to attempt to
11  withdraw the guilty plea or to file a collateral attack based on the
12  existence of this information.

## VI
### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

15  Defendant represents that:

16  A.  Defendant has had a full opportunity to discuss all the facts
and circumstances of this case with defense counsel and has
a clear understanding of the charges and the consequences of
this plea. Defendant understands that, by pleading guilty,
defendant may be giving up, and rendered ineligible to
receive, valuable government benefits and civic rights, such
as the right to vote, the right to possess a firearm, the
right to hold office, and the right to serve on a jury.
Defendant further understands that the conviction in this
case may subject defendant to various collateral
consequences, including but not limited to deportation,
removal or other adverse immigration consequences; revocation
of probation, parole, or supervised release in another case;
debarment from government contracting; and suspension or
revocation of a professional license, none of which will serve
as grounds to withdraw defendant's guilty plea.

25  B.  No one has made any promises or offered any rewards in return
for this guilty plea, other than those contained in this
agreement or otherwise disclosed to the Court.

27  C.  No one has threatened defendant or defendant's family to
induce this guilty plea.

Plea Agreement                    8            Def. Initials

1  D.  Defendant is pleading guilty because in truth and in fact
defendant is guilty and for no other reason.

## VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities, although the Government will bring this plea agreement to the attention of other authorities if requested by the defendant.

## VIII

## APPLICABILITY OF SENTENCING GUIDELINES

Defendant understands the sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). Defendant understands further that in imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory, and the Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. Defendant understands further that the sentence cannot be determined until a presentence report has been prepared by the U.S. Probation Office and defense counsel and the Government has had an opportunity to review and challenge the presentence report. Nothing in this plea agreement shall be construed as limiting the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

Plea Agreement

9

Def. Initials

1                                    IX

2              **SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE**

3         This plea agreement is made pursuant to Federal Rule of Criminal

4    Procedure 11(c)(1)(B). Defendant understands that the sentence is

5    within the sole discretion of the sentencing judge. The Government has

6    not made and will not make any representation as to what sentence

7    defendant will receive. Defendant understands that the sentencing judge

8    may impose the maximum sentence provided by statute, and is also aware

9    that any estimate of the probable sentence by defense counsel is a

10   prediction, not a promise, and is not binding on the Court. Likewise,

11   the recommendation made by the Government is not binding on the Court,

12   and it is uncertain at this time what defendant's sentence will be.

13   Defendant also has been advised and understands that if the sentencing

14   judge does not follow any of the parties' sentencing recommendations,

15   defendant nevertheless has no right to withdraw the plea.

16                                    X

17              **PARTIES' SENTENCING RECOMMENDATIONS**

18        A.   SENTENCING GUIDELINE CALCULATIONS

19        Although the parties understand that the Guidelines are only

20   advisory and just one of the factors the Court will consider under 18

21   U.S.C. § 3553(a) in imposing a sentence, the parties will jointly agree

22   to recommend the following Base Offense Level, Specific Offense

23   Characteristics, Adjustments and Departures:

24        1.   Base Offense Level [§ 2G2.2(a)(2)]              18
          2.   Pre-pubescent minor [§ 2G2.2(b)(2)]            +2
25        3.   Pattern [§ 2G2.2(b)(5)]                        +5*
          4.   Use of Computer [§ 2G2.2(b)(6)]               +2
26        5.   Over 600 images [§ 2G2.2(b)(7)]               +5
          6.   Acceptance of Responsibility [§ 3E1.1]        -3

27

28

**\*The uncharged conduct section above supports the application of this guideline enhancement.**

B.    ACCEPTANCE OF RESPONSIBILITY

Notwithstanding paragraph A.7 above, the Government will not be obligated to recommend any adjustment for Acceptance of Responsibility if defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1.    Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2.    Falsely denies prior criminal conduct or convictions;

3.    Is untruthful with the Government, the Court or probation officer;

4.    Materially breaches this plea agreement in any way; or

5.    Contests or assists any third party in contesting the forfeiture of property(ies) seized in connection with this case, and any property(ies) to which the defendant has agreed to forfeit.

C.    FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

The parties may request or recommend additional downward adjustments, departures, including criminal history departures under USSG § 4A1.3, or sentence reductions under 18 U.S.C. § 3553, except as limited by paragraph F, below. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above, or paragraph F below.

//

//

D.   NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to defendant's Criminal History Category.

E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The parties agree that the facts in the "factual basis" paragraph of this agreement are true (or can be proven beyond a reasonable doubt where specified), and may be considered as "relevant conduct" under USSG § 1B1.3.

F.   THE GOVERNMENT'S RECOMMENDATIONS REGARDING CUSTODY

Pursuant to § 3553(a), the Government will recommend a two-level downward variance from the advisory Guideline range set forth in Section X, paragraph A above. This variance takes into consideration the nature and circumstances of the offense, the need to provide just punishment for the offense, and the need to avoid unwarranted sentencing disparities among defendants with similar records. Thereafter, the Government will recommend that Defendant be sentenced to the low end of the advisory Guideline range as calculated by the Government at the time of sentencing.

G.   SPECIAL ASSESSMENT/FINE/RESTITUTION

1.   Special Assessment.

The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 to be paid forthwith at time of sentencing. The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

//

//

//

Plea Agreement

12

Def. Initials 

1    2.   Child Pornography/Other Assessments.

2    The parties will jointly recommend the defendant not pay an

3 additional $5,000 special assessment pursuant to 18 U.S.C. § 3014, or

4 an additional $17,000 special assessment pursuant to 18 U.S.C. § 2259A.

5    3.   Fine.

6    The parties will jointly recommend that no fine be imposed.

7    4.   Restitution.

8    Defendant agrees that if restitution is ordered by the Court under

9 18 U.S.C. §2259, the amount of restitution ordered by the Court shall

10 include defendant's total offense conduct, and is not limited to the

11 count of conviction.  Defendant agrees and understands that any payment

12 schedule imposed by the Court is without prejudice to the United States

13 to take all actions and take all remedies available to it to collect

14 the full amount of the restitution.  Defendant waives all demand for

15 payment, consents to the entry of the restitution debt into the Treasury

16 Offset Program ("TOP"), waives all notices with respect to TOP, and

17 waives all rights to contest offsets under TOP.

18    Defendant agrees that the restitution, restitution judgment,

19 payment provisions, and collection actions of this plea agreement are

20 intended to, and will, survive defendant, notwithstanding the abatement

21 of any underlying criminal conviction after the execution of this

22 agreement.  Defendant further agrees that any restitution collected

23 and/or distributed will survive him, notwithstanding the abatement of

24 any underlying criminal conviction after execution of this agreement.

25    The restitution described above shall be paid through the Office

26 of the Clerk of the District Court by bank or cashier's check or money

27 order made payable to the "Clerk, United States District Court."

28

1    The parties will jointly recommend that as a condition of probation
2  or supervised release, defendant will notify the Collections Unit,
3  United States Attorney's Office, of any interest in property obtained,
4  directly or indirectly, including any interest obtained under any other
5  name, or entity, including a trust, partnership or corporation after
6  the execution of this plea agreement until the fine or restitution is
7  paid in full.

8    The parties will also jointly recommend that as a condition of
9  probation or supervised release, defendant will notify the Collections
10  Unit, United States Attorney's Office, before defendant transfers any
11  interest in property owned directly or indirectly by defendant,
12  including any interest held or owned under any other name or entity,
13  including trusts, partnerships and/or corporations.

14    I.    <u>SUPERVISED RELEASE</u>

15    If the Court imposes a term of supervised release, defendant agrees
16  that he will not later seek to reduce or terminate early the term of
17  supervised release until he has served at least 2/3 of his term of
18  supervised release and has fully paid and satisfied any special
19  assessments, fine, criminal forfeiture judgment and restitution
20  judgment.

21                              **XI**

22          **<u>DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK</u>**

23    Defendant waives (gives up) all rights to appeal and to
24  collaterally attack every aspect of the conviction and sentence,
25  including any restitution order totaling up to $100,000, the length of
26  term of supervised release, and any condition of supervised release.
27  This waiver includes, but is not limited to, any argument that the
28  statute of conviction or Defendant's prosecution is unconstitutional

and any argument that the facts of this case do not constitute the crime charged.   The only exception is defendant may collaterally attack the conviction or sentence on the basis that defendant received ineffective assistance of counsel. If defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

## BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.   Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1.  Failing to plead guilty pursuant to this agreement;

2.  Failing to fully accept responsibility as established in Section X, paragraph B, above;

3.  Failing to appear in court;

4.  Attempting to withdraw the plea;

5.  Filing any substantive motion after the plea is entered;

6.  Failing to abide by any court order related to this case;

7.  Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

8.  Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

Def. Initials

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of

1  Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and
2  any other federal rule.

3                                    **XIII**

4              **CONTENTS AND MODIFICATION OF AGREEMENT**

5        This plea agreement embodies the entire agreement between the
6  parties and supersedes any other agreement, written or oral. No
7  modification of this plea agreement shall be effective unless in writing
8  signed by all parties.

9                                    **XIV**

10          **DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

11       By signing this agreement, defendant certifies that defendant has
12  read it (or that it has been read to defendant in defendant's native
13  language). Defendant has discussed the terms of this agreement with
14  defense counsel and fully understands its meaning and effect.

15  //
16  //
17  //
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

Plea Agreement                          17              Def. Initials

1

XV

2

**DEFENDANT SATISFIED WITH COUNSEL**

3      Defendant has consulted with counsel and is satisfied with

4  counsel's representation. This is defendant's independent opinion, and

5  his/her counsel did not advise him him/her about what to say in this

6  regard.

7                                    TARA K. MCGRATH
                                     United States Attorney

8  _11/26/2024_____

9  DATED                             EVANGELINE A. DECH
                                     Assistant U.S. Attorney

10 _10/29/2024_____

11 DATED                             VIKAS BAJAJ
                                     Defense Counsel

12

13 **IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER**

14 **PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE**
   **ARE TRUE.**

15

16 _10/29/24_____

   DATED                             JOHN MATTHEW RUFFONI aka @SDJeffy

17                                   Defendant

18

19

20

21

22

23

24

25

26

27

28

Plea Agreement                    18            Def. Initials

Forfeiture Addendum
United States v. JOHN MATTHEW RUFFONI aka @SDJeffy
Case No. 24-cr-1710-AGS

Defendant's conviction will include forfeiture. This forfeiture addendum is incorporated into and part of Defendant's plea agreement, and the additional terms and warnings below apply. Defendant is agreeing to forfeiture beyond the offense of conviction and agrees to the forfeiture of all properties seized including, but not limited to, all images and all electronics.

A.    PENALTY

Defendant understands that in addition to the penalties set forth in the plea agreement, federal law states pursuant to Title 18, United States Code, Section 2253(a), Defendant must forfeit to the United States all visual depictions which were produced, transported, mailed, shipped, or received in violation of this chapter (18 U.S.C. Chapter 110); all property real and personal, constituting, or traceable to gross profits and other proceeds obtained from the offense; and all property used and intended to be used to commit or to promote the commission of the offense. Defendant understands that forfeiture is a mandatory penalty in this case.

B.    PROPERTY SUBJECT TO FORFEITURE

As part of Defendant's guilty plea to the Information, as set forth in Section I of the main agreement, Defendant agrees to forfeit to the United States all items seized in connection with this case, including but not limited to those items seized from Defendant on or about July 29, 2024, including, but not limited to the following:

- Black Apple iPhone;

1    • Silver HP Laptop;

2    • Green Apple iPhone;

3    • Silver Apple iPhone; and

4    • Silver Apple iPad.

5    Defendant also agrees to forfeit the following items seized

6    from Defendant on or July 29, 2024:

7    • Black Western Digital External Hard Drive;

8    • Silver Seagate External Hard Drive; and

9    • Brown Western Digital External Hard Drive;

10   Defendant abandons and disclaims all rights, title and interest in

11   these devices and consents to their disposition by any and all

12   means available to the Government including any disposition by

13   local law enforcement.

14       C.   BASIS FOR FORFEITURE

15   Defendant owns all the property in paragraph (A) and admits

16   and agrees all such forfeitable property and all forfeitable

17   property seized in connection with this case is subject to

18   forfeiture pursuant to Title 18, United States Code, Section 2253.

19       E.   IMMEDIATE ENTRY OF PRELIMINARY ORDER OF FORFEITURE

20   Defendant consents and agrees to the immediate entry of a

21   preliminary order of forfeiture upon entry of the guilty plea.

22   Defendant further agrees that upon entry of the preliminary order

23   of forfeiture, such order will be considered final as to

24   defendant's interests in the property described above.

25   In addition, Defendant agrees to immediately withdraw any

26   claims to any and all properties seized in connection with this

27   case in any pending administrative or civil forfeiture

28   proceedings, and consents to and agrees to not contest the

- 2 -          Def. Initials

1  forfeiture of all properties seized in connection with this case.
2  Defendant agrees that by signing the plea agreement Defendant is
3  withdrawing any and all claims and petitions in any and all civil
4  and administrative proceedings. Defendant agrees to execute any
5  and all documents requested by the Government to facilitate or
6  complete the forfeiture process(es). Defendant further agrees not
7  to contest or to assist any other person or entity in contesting
8  the forfeiture of any properties seized in connection with this
9  case in the forfeiture proceedings ancillary to this criminal
10  case, and in any related administrative and civil forfeiture
11  proceeding. Contesting or assisting others in contesting the
12  forfeiture shall constitute a material breach of the plea
13  agreement, relieving the Government of all its obligations under
14  the agreement including but not limited to its agreement to
15  recommend an adjustment for Acceptance of Responsibility.
16      F.   ENTRY OF ORDERS OF FORFEITURE AND WAIVER OF NOTICE
17      Defendant consents and agrees to the entry of orders of
18  forfeiture for all properties and waives the requirements of
19  Federal Rules of Criminal Procedure 32.2 and 43(a) regarding
20  notice of the forfeiture in the charging instrument, announcement
21  of the forfeiture at sentencing, and incorporation of the
22  forfeiture in the judgment. Defendant acknowledges that defendant
23  understands that the forfeiture of assets is part of the sentence
24  that may be imposed in this case and waives any failure by the
25  Court to advise defendant of this, pursuant to Rule 11(b)(1)(J),
26  at the time the Court accepts the guilty pleas.
27      G.   WAIVER OF CONSTITUTIONAL AND STATUTORY CHALLENGES
28

- 3 -        Def. Initials

1    Defendant further agrees to waive all constitutional and
2   statutory challenges in any manner (including direct appeal,
3   habeas corpus, or any other means) to any forfeiture carried out
4   in accordance with this agreement on any grounds, including that
5   the forfeiture constitutes an excessive fine or punishment.
6   Defendant agrees to take all steps as requested by the United
7   States to pass clear title to forfeitable assets to the United
8   States, and to testify truthfully in any judicial forfeiture
9   proceeding.

10    H.    AGREEMENT SURVIVES DEFENDANT; NO FORFEITURE ABATEMENT

11    Defendant agrees that the forfeiture provisions of this plea
12  agreement are intended to, and will, survive defendant,
13  notwithstanding the abatement of any underlying criminal
14  conviction after the execution of this agreement. The
15  forfeitability of any particular property pursuant to this
16  agreement shall be determined as if defendant had survived, and
17  that determination shall be binding upon defendant's heirs,
18  successors and assigns until the agreed forfeiture, including any
19  agreed money judgment amount, is collected in full.
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28

- 4 -        Def. Initials _____

1   The defendant understands that the main plea agreement and
2   this forfeiture addendum embody the entire plea agreement between
3   the parties and supersedes any other plea agreement, written or
4   oral.

5

6   _____                    _____
    Date                                   JOHN MATTHEW RUFFONI
7                                          aka @SDJeffy
                                           Defendant
8   Acknowledgment by Counsel:

9

10  _____                    _____
    Date                                   VIKAS BAJAJ
11                                         Defense Counsel

12      11/4/24                            _Evangeline A. Dech_
    _____                    _____
13  Date                                   EVANGELINE A. DECH
                                           Assistant U.S. Attorney
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                        - 5 -            Def. Initials _____